NI, WANG & MASSAND, PLLC
Tim Wang, Esq. (TX Bar #24067927)
(Pro hac vice granted on October 5, 2022)
twang@nilawfirm.com
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Email: twang@nilawfirm.com
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff Yuming Hao*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| YUMING HAO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GODADDY.COM, LLC, AND GO DADDY OPERATING COMPANY, LLC,<br><br>　　　　Defendants. | **Civil Action No.**<br><br>**ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT

1

## COMPLAINT

Plaintiff Yuming Hao ("Plaintiff") files this original complaint against Defendants GoDaddy.com, LLC and Go Daddy Operating Company, LLC, (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of domain name ownership arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, in which Plaintiff seeks a declaratory judgment of plaintiff's ownership of the 968.com domain name as a bona fide purchaser against Defendants.

2. Furthermore, Plaintiff seeks a judgement that Defendants have committed the tort of conversion as Defendants, without authorization, possessed and is possessing Plaintiff's 968.com domain name. Plaintiff also seek a judgement that Defendants tortiously interfered with a contractual relationship pursuant to the common law of the state of Arizona.

## PARTIES

3. Plaintiff is an individual residing in the People's Republic of China.

4. Upon information and believe, Defendant GoDaddy.com, LLC is a Delaware limited liability company with a principal place of business located at 14455 N. Hayden Road, Suite 219, Scottsdale, AZ 85260.

2
ORIGINAL COMPLAINT

5. Upon information and believe, Defendant Go Daddy Operating Company, LLC is a Delaware limited liability company with a principal place of business located at 2155 E. GoDaddy Way, Tempe, AZ 85284.

6. Defendants provide domain name registration service to millions of customers as a registrar. Their customers who are the registrants of domain names, manage their domain names including transferring domain names through Defendants by using accounts they have with Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 18 U.S.C. §§ 2201 *et seq* based upon the actual controversy between the parties and Plaintiff's request for declaratory judgment.

8. This Court has supplemental jurisdiction over the related state law claims in this Complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. This Court also has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendants are either citizens of the State of Delaware or citizens of the State of Arizona. Plaintiff is a citizen of the People's Republic of China. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. On information and belief, the Court has general personal jurisdiction over Defendants because Defendants have conducted substantial and continuous business in (and has substantial and continuous contact with) the District of Arizona.

11. The Court has specific personal jurisdiction over Defendants because Defendants committed its unlawful activities that injured Plaintiff in this jurisdiction.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the property and Defendants' activities that are the subject of this action is located in this jurisdiction, as Plaintiff's domain name held by Defendants in this jurisdiction.

**GENERAL ALLEGATIONS**

13. Plaintiff is the rightful owner of the domain name 968.com as a bona fide purchaser.

14. Plaintiff purchased the 968.com domain from Seller Chu Chu (Customer No. 242568183, original registration email is xiaoxixixixi215@gmail.com), for a value (￥800,000), after a due diligence research determining that no legal encumbrance was on the 968.com domain name and Chu Chu was the rightful owner of this domain.

15. The deal was closed on July 1, 2022. On the same day, Chu Chu initiated the transferring process with Defendants to transfer the registrant of the 968.com domain name to Plaintiff.

4
ORIGINAL COMPLAINT

16. On July 3, 2022, when Plaintiff tried to accept the 968.com domain name, he found out that Chu Chu's account with Defendants had been locked by Defendants and therefore, he could not finish the 968.com domain name's transferring process.

17. Upon information and believe, due to Chu Chu's alleged violation of Defendants' policy (which Chu Chu's explanation is that the domain at issue was hacked), his account was locked by Defendants on or about July 2, 2022. However, such violation is about a domain name "iceqx.com," not 968.com. The lock of Chu Chu's account happened after Plaintiff purchased the 968.com domain from Chu Chu.

18. On or about July 5, 2022, Chu Chu informed Defendants that he sold the 968.com domain name for a consideration to Plaintiff. Chu Chu further informed Defendants that he had transferred the 968.com domain name to Plaintiff, and Plaintiff is the real owner of the 968.com domain name.

19. On or about July 6, 2022, Defendants removed the 968.com domain name from Chu Chu's account.

20. Upon information and believe, instead transferring the account to Plaintiff, Defendants unlawfully confiscated this domain name to itself.

21. Plaintiff has reported this incident to Defendants (Incident ID 47301872) to request Defendants to return the 968.com domain name to him, which he is a bona fide purchaser and Defendants never alleged any violations against. As of today, Defendants have not transferred the 968.com domain name to Plaintiff.

**COUNT I**
**DECLARATORY JUDGMENT**

ORIGINAL COMPLAINT

5

22. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

23. An actual and justiciable controversy exists between Plaintiff and Defendants as to whether Plaintiff is the rightful owner of the 968.com domain name as a bona fide purchaser.

24. As a domain name registrar, Defendants do not have ownership over the 968.com domain name.

25. As a domain name registrar, Defendants cannot refuse to transfer the 968.com domain name from Chu Chu to Plaintiff.

26. As a domain name registrar, Defendants lack authority to confiscate the 968.com domain name to themselves.

27. Defendants' express actions to wrongfully process Plaintiff's 968.com domain name without authorization and without notifying Plaintiff places the 968.com domain name solely under Defendants' dominion and control to the exclusion of Plaintiff.

28. Defendants have not transferred the 968.com domain name to Plaintiff while knowing that Plaintiff is the rightful owner of the 968.com domain name.

29. Defendants' such overt activities showing it has been denying Plaintiff's ownership over the 968.com domain name.

30. Plaintiff, Defendants, and the public will face uncertainty regarding the entity with proper tile and rights to the 968.com domain name, and this reasonable apprehension of further litigation to clarify the rights at issue.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff respectfully requests a declaration and judgment by this Court that he is the rightful owner of the 968.com domain name.

## COUNT II
## CONVERSION

32. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

33. Defendants, without authorization, possessed and is possessing Plaintiff's 968.com domain name.

34. By taking the 968.com domain name from Chu Chu's account and refusing to transfer it to Plaintiff, Defendants wrongfully obtained dominion and control over Plaintiff's 968.com domain name.

35. The 968.com domain name constitutes Plaintiff's personal property.

36. Plaintiff has an immediate right to possess the 968.com domain name as the lawful owner of it and its respective registration.

37. As a result of Defendants' improper actions, Plaintiff has suffered damage in the loss of dominion and control of the 968.com domain name.

38. Accordingly, Defendants have committed the tort of conversion.

## COUNT III
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

39. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

40. Plaintiff possessed a valid contractual relationship with Chu Chu for the 968.com domain name.

41. Plaintiff paid Chu Chu valuable consideration for the rights associated with the 968.com domain name

42. Defendants had express knowledge of Plaintiff's contractual rights with Chu Chu because Chu Chu had given Defendants notice of the transaction no later than July 5, 2022.

43. Defendants intentionally interfered with Plaintiff's contractual right by holding the 968.com domain name and refusing to transfer it to Plaintiff.

44. Plaintiff did not authorize or approve Defendants' actions to hold the 968.com domain name.

45. As a result of Defendants' improper actions, Plaintiff has suffered damage in the loss of dominion and control of the 968.com domain name and the contractual rights for which he paid valuable consideration.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

    a. A declaration that Plaintiff is the rightful owner of the 968.com domain name;

    b. A return of the 968.com domain name to Plaintiff's possession, ownership, and control;

    c. A judgment against Defendants and in favor of Plaintiff that Defendants have committed the tort of conversion;

    d. A judgment against Defendants and in favor of Plaintiff that Defendants have intentionally interfered with Plaintiff's contractual relations;

    e. An award to Plaintiff of his actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;

    f. An award to Plaintiff of costs, expenses, and reasonable attorneys' fees incurred in this action; and

    g. Further relief as the Court may deem just and proper.

DATED October 6, 2022.      Respectfully submitted,

By: */s/ Timothy T. Wang*
Timothy T. Wang (*Pro Hac Vice*)
Texas Bar No. 24067927
twang@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231

ORIGINAL COMPLAINT      9

Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**

ORIGINAL COMPLAINT