Haryle Kaldis (*admitted pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Telephone: (215) 665-5559
Email:         hkaldis@cozen.com

Attorneys for Defendant
GoDaddy.com, LLC and
Go Daddy Operating Company, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Yuming Hao,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GoDaddy.com, LLC, and<br>Go Daddy Operating<br>Company, LLC,<br><br>　　　　Defendants. | Case No.: 2:22-cv-01709-DLR<br><br>**DEFENDANTS GODADDY.COM, LLC AND GO DADDY OPERATING COMPANY, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Yuming Hao ("Plaintiff") filed the instant action against Defendants GoDaddy.com LLC ("GoDaddy") and Go Daddy Operating Company, LLC ("Go Daddy Operating Company") (together, "Defendants") with respect to an alleged third-party agreement between Plaintiff and Chu Chu, the registrant of the domain 968.com (the "Domain"). In the Complaint, Plaintiff alleges that she entered into a private agreement with Chu Chu to transfer the Domain from Chu Chu's GoDaddy account to Plaintiff, but Chu Chu failed to complete the transfer due to an account suspension for "violat[ing] Defendants' policy." Doc. 1 ¶ 17. Plaintiff subsequently filed the present suit against Defendants for conversion, intentional interference with contractual relations, and a declaratory judgment to declare that Plaintiff is the rightful registrant of the Domain.

Plaintiff's claims against Defendants are deficient on their face and not cognizable for a host of reasons. As a threshold matter, Go Daddy Operating Company must be dismissed because Plaintiff has not, and cannot, identify any basis to drag it into this lawsuit without any allegations actually directed at this separate legal entity. More broadly, Plaintiff's claims fail as a matter of law, as the Complaint fails to identify any injury, much less any injury caused by Defendants' actionable wrongdoing. As such, Plaintiff lacks any legal basis for bringing any cause of action against Defendants. Plaintiff's Complaint fails to state a claim, and the Court should dismiss the Complaint with prejudice.

## II. RELEVANT FACTUAL BACKGROUND

### A. Background On Domain Name Registration

GoDaddy is the world's largest domain name registrar, with over 84 million domain names under management. *See, e.g. Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc.*, No. CV 10-03738, 2015 WL 5311085, at *1 (C.D. Cal. Sept. 10, 2015). GoDaddy is a wholly-owned subsidiary of Go Daddy Operating Company. *See* Defendants' Corporate Disclosure Statement, filed concurrently herewith. By way of background, a domain name registrar manages the reservation of Internet domain names registered through it by members of the public. *See Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d

1

546, 548 (9th Cir. 2013). "[T]o use a domain name in connection with a web site, the web site operator must register the name with one of a number of competing companies known as 'registrars.' Registrars accept domain name registrations on a first-come, first-served basis." *Am. Girl, LLC v. Nameview, Inc.*, 381 F. Supp. 2d 876, 879 (E.D. Wis. 2005). As such, a registrar's execution of its registration function is passive: if a domain is available, then the computers automatically handle the registration. *See id.*

### B. Plaintiff's Allegations In The Complaint

According to the Complaint, on or about July 1, 2022, Plaintiff "purchased [the Domain] from Seller Chu Chu." Doc. 1 ¶¶ 14–15. While Plaintiff fails to specifically allege the identity of the registrar of the Domain in the Complaint, *see generally* Doc. 1, the publicly available WHOIS entry for the Domain indicates it is registered with GoDaddy, not Go Daddy Operating Company. *See* Request for Judicial Notice ("RJN") at Ex. A.[1]

Subsequently, on or about the same day, Chu Chu allegedly initiated the transferring process with Defendants to transfer the Domain to Plaintiff. *Id.* ¶¶ 15–16. On July 3, 2022, Plaintiff attempted to accept the transfer of the Domain; however, the transfer allegedly failed because Defendants locked Chu Chu's GoDaddy account for violating GoDaddy's policies. *Id.* ¶¶ 15–17. Plaintiff further alleges that on July 5, 2022, Chu Chu informed "Defendants" of Plaintiff's agreement with Chu Chu. *Id.* ¶ 18. However, instead of "return[ing] the 968.com domain name to [Plaintiff]," on July 6, 2022, Defendants allegedly removed the Domain from Chu Chu's GoDaddy account. *Id.* Plaintiff alleges that to date, Defendants have not transferred the Domain to Plaintiff. *Id.* ¶¶ 18, 21.

---

[1] The WHOIS database is "a centralized, publicly accessible database of information concerning all domain names in a TLD." *Solid Host, NL v. Namecheap, Inc.*, NO. CV 08-05414 MMM (Ex), 2009 WL 10671427, at *1 (C.D. Cal. June 16, 2009). "TLD" means "top level domain," such as .com, .org, or .gov. *See id.* It is well established that "courts have taken judicial notice of facts regarding the registration of a domain, including WHOIS records." *Instructure, Inc. v. Canvas Techs., Inc.*, No. 2:21CV00454DAKCMR, 2022 WL 43829, at *18 (D. Utah Jan. 5, 2022) (collecting cases).

### C. GoDaddy's Relevant Policies And Agreements

As set forth above, Plaintiff's claims are based on the allegation that Chu Chu's GoDaddy account was locked due to violations of GoDaddy's "polic[ies]." *See* Doc. 1 ¶¶ 17, 19. Plaintiff fails to specifically identify the "polic[ies]" at issue, but they include, among other things, the agreements governing GoDaddy's relationship with customers like Chu Chu, including: (1) GoDaddy's Universal Terms of Service Agreement ("UTOS"), which sets forth the general terms and conditions of a customer's use of GoDaddy's website "and the products and services purchased or accessed through this Site," *see* RJN at Ex. B § 1; and (2) GoDaddy's Domain Name Registration Agreement ("DNRA"), which "sets forth the terms and conditions of [a registrant's] use of GoDaddy's Domain Name Registration services," *see* RJN at Ex. C § 1.[2] The DNRA expressly incorporates by reference, *inter alia*, the UTOS. *Id.*

In relevant part, the UTOS provides:

> GoDaddy expressly reserves the right to deny, cancel, terminate, suspend, or limit future access to this Site or any Services (**including but not limited to the right to cancel or transfer any domain name registration**) to any User (i) whose Account or Services were previously terminated or suspended, whether due to breach of this or any other Agreement or any GoDaddy policy, or (ii) who otherwise engages or has engaged in inappropriate or unlawful activity while utilizing the Site or Services (as determined by GoDaddy in its sole and absolute discretion).

RJN at Ex. B § 5(xii) (emphasis added); *see also id.* § 5(iii) (listing inappropriate uses of GoDaddy's services). Moreover, the UTOS states that "[i]f your purchase or account activity shows signs of fraud, abuse or suspicious activity, GoDaddy may cancel any service associated with your name, email address or account and close any associated GoDaddy accounts." *id.* § 5(xiii).[3]

---

[2] As set forth in Defendants' RJN, judicial notice of the UTOS and DNRA is appropriate under Fed. R. Evid. 201(b) because the Complaint expressly references GoDaddy's policies, and the accuracy and authenticity of both agreements cannot be disputed because both are publicly available on GoDaddy's website. *See Davis v. HDR Inc.*, No. CV-21-01903-PHX-SPL, 2022 WL 2063231, at *1 n.1 (D. Ariz. June 8, 2022) (taking judicial notice of Facebook's Data Policy, Facebook's Group Privacy Settings, and Facebook's Automatic Approval Setting).

[3] *Accord* RJN at Ex. B § 14, providing that:

Similarly, the DNRA provides:

> You acknowledge and agree that GoDaddy and registry reserve the right to deny, cancel or transfer any registration or transaction, or place any domain name(s) on lock, hold or similar status, as either deems necessary, in the unlimited and sole discretion of either GoDaddy or the registry:… (viii) per the terms of this Agreement, (ix) following an occurrence of any of the prohibited activities described in Section 8 below, or (x) during the resolution of a dispute.

RJN at Ex. C § 8(xii.). The DNRA also states: "You agree that your failure to comply completely with the terms and conditions of this Agreement and any GoDaddy rule or policy may be considered by GoDaddy to be a material breach of this Agreement," and should the customer fail to timely provide material evidence that they have not breached their obligations, GoDaddy may take actions that include "**cancelling the registration of any of your domain names** and discontinuing any services provided by GoDaddy to you." *Id.* § 8 (emphasis added).

### D. The Instant Litigation

Plaintiff commenced this action by filing a Complaint on October 6, 2022. Doc. 1. Plaintiff's Complaint purports to assert three claims: an unspecified right to declaratory relief under 28 U.S.C. § 2201, seeking a declaration that Plaintiff "is the rightful owner of the 968.com domain name," *see* Doc. 1 ¶ 31 (Count I); Conversion (Count II); and Intentional Interference with Contractual Relations (Count III).

## III. LEGAL STANDARD

To avoid Rule 12(b)(6) dismissal, the Complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible

---

GoDaddy expressly reserves the right to deny, cancel, terminate, suspend, lock, or modify access to (or control of) any Account or Services (including the right to cancel or transfer any domain name registration) for any reason (as determined by GoDaddy in its sole and absolute discretion), including but not limited to the following: … (iii) to assist with our fraud and abuse detection and prevention efforts, … or (ix) to respond to an excessive amount of complaints related in any way to your Account, domain name(s), or content on your website that could result in damage to GoDaddy's business, operations, reputation or shareholders.

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *accord Iqbal*, 556 U.S. at 678, ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice."). Moreover, "[t]he Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint." *Stoyanof v. Crocodiles Not Waterlillies, L.L.C.*, No. CV 11-00384 HWG, 2011 WL 13232088, at *2 (D. Ariz. June 23, 2011) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## IV. ARGUMENT

### A. Plaintiff's Complaint Is Defective On Its Face And Should Be Summarily Dismissed On This Basis

#### 1. Plaintiff's Claims Against Go Daddy Operating Company Must Be Dismissed With Prejudice Because Plaintiff Cannot State A Claim Against GoDaddy's Corporate Parent

As set forth below, Plaintiff fails to state a claim against any named defendant. At best, Plaintiff's allegations concern the Domain *registrar's* alleged actions—that is, GoDaddy, **not** Go Daddy Operating Company. *See* RJN at Ex. A (WHOIS database entry showing that the registrar for the Domain is "GoDaddy.com, LLC"). Plaintiff fails to identify any legal theory that would give it the free license it is seeking to sue GoDaddy's corporate parent or any other related corporate entity. In fact, Plaintiff fails to allege any relevant conduct by Go Daddy Operating Company *whatsoever*. Instead, as discussed below, Plaintiff improperly lumps together GoDaddy and Go Daddy Operating Company in all of its allegations. That is not a basis for bringing claims against Go Daddy Operating Company, which is a separate legal

entity that has no relevance to Plaintiff's allegations. Accordingly, Plaintiff's claims against Go Daddy Operating Company must be dismissed with prejudice.

### 2. The Complaint Violates Rule 8 by Lumping the Defendants Together

Plaintiff's allegations are entirely deficient as to any Defendant, and the Complaint should be summarily dismissed. Plaintiff's Complaint does not distinguish among GoDaddy and Go Daddy Operating Company, which violates Rule 8's requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint is deficient under Rule 8 when it "repeatedly lumps together all of the defendants together as a collective whole . . . without specifically alleging the role that each defendant played in causing [p]laintiff's alleged injury." *Petramala v. Connelly*, No. CV-18-03000-PHX-SMB, 2019 WL 1932108, at *1 (D. Ariz. May 1, 2019). Courts will dismiss complaints that use "the shotgun approach by making every allegation against" all of the defendants. *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2019 WL 1921594, at *6 (D. Ariz. Apr. 30, 2019). Plaintiff fails to make discrete allegations against GoDaddy and Go Daddy Operating Company, instead impermissibly lumping both Defendants together. Plaintiff's failure to abide by basic pleading standards warrants dismissal.

### B. Plaintiff's Claim Against GoDaddy Must Be Dismissed With Prejudice

#### 1. Plaintiff's Claim For Conversion Necessarily Fails and Must Be Dismissed

Plaintiff's conversion claim is deficient as a matter of law and must be dismissed for at least three reasons. Conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Miller v. Hehlen*, 104 P.3d 193, 203 (Ariz. Ct. App. 2005). *First*, a domain registration is not tangible property, and thus cannot be the subject of a conversion action under Arizona law. There must be an ownership or possessory interest in the chattel. *See Autoville, Inc. v. Friedman*, 510 P.2d 400, 403 (Ariz. Ct App. 1973). However, "[a]n action for conversion ordinarily lies only for personal property that is tangible, or to intangible property that is merged in, or identified with, some document."

6

*Miller*, 104 P.3d at 472. "Arizona does not recognize a claim for conversion of intangible property" absent this merger. *BioD, LLC v. Amino Tech., LLC*, 2014 WL 268644, at *11 (D. Ariz. Jan. 24, 2014). This merger requirement reaches intangible property such as securities, not domain registrations, which are neither merged in nor identified with any document. Thus, Plaintiff cannot allege a claim for conversion as a matter of law.

*Second*, even assuming that a domain registration qualified as "tangible property," which it does not, "[i]n order to maintain an action for conversion the plaintiff must show that at the time of the conversion he was in possession of the property or was entitled to the immediate possession thereof." *Health Tech. Invs., Ltd.*, 2007 WL 9724273, at *4 (quoting *Empire Fire & Marine Ins. Co. v. First Nat'l Bank of Ariz.*, 546 P.2d 1166, 1168 (Ariz. Ct. App. 1976)). Here, Plaintiff alleges that Chu Chu's GoDaddy account was locked "on or about July 2, 2022" for violating GoDaddy's policies. Doc. 1 ¶¶ 16–17. At that time, Plaintiff was not (a) in possession of the Domain, nor (b) entitled to the ***immediate*** possession of the Domain. *See id.* Rather, Plaintiff concedes that she did not even attempt to finalize the transfer of the Domain until July 3, 2022, *after* the alleged "conversion." *See id.* ¶ 16. Accordingly, under the facts alleged, Plaintiff is "not the proper plaintiff to assert a claim of conversion." *See SPUS8 Dakota LP v. KNR Contractors LLC*, No. CV-19-05477-PHX-MTL, 2022 WL 17039204, at *10 (D. Ariz. Nov. 17, 2022) (dismissing conversion claim against subcontractor who failed to supply materials because only the general contractor, and not the plaintiff, had a contract with the subcontractor, and thus plaintiff had no immediate right to possession of funds it had indirectly paid to the subcontractor).

*Third*, Plaintiff cannot show she was entitled to immediate possession of the Domain at the time of the alleged conversion—or that GoDaddy committed "an act of ***wrongful*** dominion or control" over the domain, *see Little v. Grand Canyon Univ.*, 516 F. Supp. 3d 958, 966 (D. Ariz. 2021) (emphasis added)—because the UTOS and DNRA give GoDaddy the express right to suspend or cancel any domain name registration and account of any registrant found to have violated GoDaddy's policies. RJN at Ex. B § 5(xii)–(xiii); *id.* § 14; *accord* RJN at Ex. C § (8). Plaintiff cannot plausibly allege a *wrongful* act of dominion or control by GoDaddy based

7

entirely on GoDaddy taking an action that is *expressly contemplated* by the UTOS and DNRA. But Plaintiff alleges precisely that occurrence—that GoDaddy locked Chu Chu's GoDaddy account for violating GoDaddy's policies. Doc. 1 ¶¶ 16–17. Accordingly, Plaintiff cannot state a claim for conversion, and this claim should be dismissed with prejudice.

### 2. Plaintiff Fails to State a Claim Against GoDaddy for Intentional Interference With Contractual Relations

The Complaint also fails to plausibly allege a claim for intentional interference with contractual relations. In order to state such a claim, Plaintiff must show: "(1) existence of a valid contractual relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relationship has been disrupted, and (5) that the defendant acted improperly." *Safeway Ins. Co. v. Guerrero*, 106 P.3d 1020, 1025 (Ariz. 2005). As an initial matter, Plaintiff fails to sufficiently allege the existence of a valid contractual relationship, instead choosing to recite that element in a conclusory fashion. Doc. 1 ¶ 40. Plaintiff does not allege the parties to the contract, the key contractual terms, or attach the alleged contract at issue to the complaint. But even if the Court overlooks this deficiency and credits conclusory allegation, Plaintiff's Complaint fails to state sufficient facts to satisfy the remaining elements if this claim.

*First*, the Complaint implicitly concedes that Defendants had no knowledge of Plaintiff's agreement until *after* GoDaddy locked Chu Chu's GoDaddy account for violating GoDaddy's policies. That is, the Complaint alleges that Chu Chu informed GoDaddy of Chu Chu's private agreement to sell the Domain to Plaintiff on July 5, 2022—at least three days after Chu Chu's account was locked. Doc. 1 ¶¶ 17–18. As such, the Complaint cannot plausibly allege that GoDaddy (much less GoDaddy's corporate parent, Go Daddy Operating Company) had knowledge of Plaintiff's alleged contractual relations prior to the purported interference, *let alone* that either defendant intended to induce or cause a breach of that otherwise unknown contract. *See Eder v. N. Arizona Consol. Fire Dist. #1*, No. CV-19-08101-PCT-JJT, 2020 WL 1307963, at *4 (D. Ariz. Mar. 19, 2020) (dismissing intentional interference claim with prejudice where plaintiff's conclusory allegations failed to show the

defendant "knew about a contract" between plaintiff and third party, or that defendant intended third party to breach its contract with plaintiff). Indeed, the Complaint itself alleges that "Defendants" acted in response to Chu Chu's violations of GoDaddy's policies—nowhere does it allege any facts plausibly suggesting that GoDaddy somehow intended to induce Chu Chu to breach any alleged contract with Plaintiff. *See* Doc. 1 ¶¶ 17–19. Plaintiff's allegations are beyond implausible; they are fantastic.

*Moreover*, the Complaint cannot state sufficient facts to show that Defendants acted improperly. "Wrongful interference rests on improper conduct by the defendant, a stranger to the contract, not on whether a breach followed." *Bar J Bar Cattle Co. v. Pace*, 763 P.2d 545, 547 (Ariz. Ct. App. 1988). Accordingly, Plaintiff must show that Defendants' alleged actions "were improper as to motive or means." *Neonatology Assocs., Ltd. v. Phoenix Perinatal Assocs. Inc.*, 164 P.3d 691, 693–94 (Ariz. Ct. App. 2007).

Here, Plaintiff's Complaint contains no specific allegation concerning any alleged misconduct by GoDaddy. To the contrary, the Complaint alleges that GoDaddy locked Chu Chu's GoDaddy account in response to Chu Chu's violations of GoDaddy's policies (Doc. 1 ¶ 17)—an allegation that, on its face, establishes that GoDaddy's actions were *proper*. Indeed, both the UTOS and DNRA give GoDaddy the express right to suspend or cancel any domain name registration and account of any registrant found to have violated GoDaddy's policies. RJN at Ex. B § 5(xii)–(xiii); *id.* § 14; RJN at Ex. C § 8. GoDaddy's interest in furthering its business interests by enforcing its own policies—through powers expressly granted to it under the UTOS and DNRA—cannot form the basis for an intentional interference claim. *Smith v. Chrysler Grp. LLC*, No. CV-13-01732-PHX-NVW, 2014 WL 1577515, at *11 (D. Ariz. Apr. 19, 2014) (granting motion to dismiss because "[a]lthough [defendant] intentionally caused the termination of [plaintiff's] contractual relationship with the [third party], it cannot be said that [defendant] tortuously interfered with the contract when it exercised a power expressly granted to it by the contract"); *see Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1160 (D. Ariz. 2016) ("[a]ny improper motive of [defendant] is only speculative" because defendant "had a legitimate interest in advance its own interests"); *EJM Kyrene Prop. LLC v. KTR Prop. Tr. I*,

No. CV-13-02660-PHX-SRB, 2014 WL 12672677, at *6 (D. Ariz. May 13, 2014) (granting motion to dismiss intentional interference claim because allegations suggesting that defendant acted out of a desire "to further their business interests" is "not improper in the context of a claim for intentional interference with a business or contractual expectancy").[4]

Because no amendment would cure these deficiencies, Plaintiff's claim for intentional interference with contractual relations should also be dismissed with prejudice.

### 3. Plaintiff Lacks Any Basis for Seeking Declaratory Relief, and Plaintiff's "Claim" Must Be Dismissed

Plaintiff's separate "claim" for declaratory relief under the Declaratory Judgment Act is deficient on its face. "A declaratory judgment action is a remedy for an underlying cause of action; it is not a separate cause of action as Plaintiff alleges." *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 770 (D. Ariz. 2012). As such, "[t]he Declaratory Judgment Act does not provide a cause of action when a party … lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022); *accord Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d at 770 (refusing to even consider plaintiff's "claim" for declaratory relief "[b]ecause Plaintiff's first count is not a cause of action; but rather, a remedy that is dependent upon the success of

---

[4] The UTOS prohibits customers from using GoDaddy's website or services to engage in a wide range of prohibited activities, including, *inter alia*: illegal activity, promoting the exploitation of children, engaging in terrorism, infringing on others' intellectual property rights, installing viruses, sending spam emails, and performing fraudulent activities. *E.g.*, RJN at Ex. B § 5(iii). Accordingly, the UTOS and DNRA expressly allow GoDaddy to "deny, cancel, terminate, suspend, or limit future access to this Site or any Services (including but not limited to the right to cancel or transfer any domain name registration)" based on violations of such policies. *Id.* § 5(xii); *accord* RJN at Ex. C § 8. If Plaintiff's conversion claim was cognizable, then GoDaddy would run the risk of incurring liability anytime it locked the account of any customer using GoDaddy's services—even those engaging in illegal or prohibited activity. Likewise, if Plaintiff's intentional interference claim was cognizable, then any sham transfer to a third party would necessarily prevent GoDaddy from shutting down a customer's account without running the risk of incurring liability—again, even if that customer was using GoDaddy's services to engage in illegal or prohibited activities. Such a result would defy common sense. For this additional reason, Plaintiff cannot show that GoDaddy's enforcement of its own policies was wrongful, and Plaintiff's claims under any tort-based theory must fail.

her other causes of action, [and as such] the Court will not analyze Count One under Rule 12(b)(6)").

Here, Plaintiff lacks a cognizable cause of action, and thus has no basis for seeking declaratory relief. Count I does not articulate a separate legal claim—it merely requests a remedy, on the same basis as her deficient claims for conversion and intentional interference. Where a declaratory judgment action seeks the same relief as another cause of action, and the plaintiff's entitlement to relief depends on the resolution of other claims, the declaratory judgment "serve[s] no useful purpose." *Adelman v. Rheem Mfg. Co.*, No. 2:15-CV-00190 JWS, 2015 WL 4874412, at *8 (D. Ariz. Aug. 14, 2015) (granting motion to dismiss declaratory judgment count). As such, Plaintiff's Count I does not seek to accomplish an independent aim from the other causes of action and should be dismissed accordingly. *See, e.g., Grady v. Tri-City Nat. Bank*, No. CV 12-2507-PHX-JAT, 2013 WL 2147541, at *6 (D. Ariz. May 15, 2013) (dismissing claim for declaratory judgment where substantive claim on which it was based was also dismissed).

More broadly, Plaintiff's request for declaratory relief effectively seeks to adjudicate claims she plainly lacks standing to bring. Only Chu Chu—not Plaintiff—has standing to assert that GoDaddy "cannot refuse to transfer the 968.com domain name from Chu Chu to Plaintiff" under the UTOS and DNRA.[5] *See* Doc. 1 ¶ 26; *LNV Corp. v. Venture Com. Mortg., LLC*, No. CV 09-1334-PHX-SRB, 2010 WL 11431829, at *8 (D. Ariz. Aug. 24, 2010) ("non-parties to a contract presumably have no standing to assert a claim for breach of that contract"); *Two Bros. Distrib. Inc. v. Valero Mktg. & Supply Co.*, No. CV-15-01509-PHX-DGC, 2015 WL 7567487, at *4 (D. Ariz. Nov. 25, 2015) (dismissing breach of contract claim without leave to amend where plaintiffs lacked standing because they were "neither parties nor third-party beneficiaries" to the contract). Likewise, only Chu Chu has standing to claim that

---

[5] Of course, any such hypothetical claim by Chu Chu would nevertheless fail because GoDaddy expressly reserved "the right to cancel or transfer any domain name registration" (RJN at Ex. B at § 5 (xii)) and "the right to deny, cancel or transfer any registration or transaction" (RJN at Ex. C § 8) for violations of GoDaddy's policies. *See* Section IV.C., *supra*.

GoDaddy "lack[s] authority to confiscate the 968.com domain name"—because the Complaint alleges that GoDaddy "confiscate[d]" the Domain *from Chu Chu*.[6]  *See* Doc. 1 ¶ 17 ("[D]ue to Chu Chu's alleged violation of Defendants' policy … his account was locked by Defendants on or about July 2, 2022); *id.* ¶ 19 ("On or about July 6, 2022, Defendants removed the 968.com domain name from Chu Chu's account.").

The deficiencies in Plaintiff's "claim" for declaratory relief only serve to illustrate the fundamentally flawed nature of the Complaint as a whole. The Court should dismiss Plaintiff's request for a declaratory judgment with prejudice.

## V. CONCLUSION

As set forth above, the Complaint fails to state a claim upon which relief can be granted and Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice.

Dated:  December 19, 2022

**COZEN O'CONNOR**
Haryle Kaldis (admitted *pro hac vice*)

By:  *s/Haryle Kaldis*
        Haryle Kaldis

Attorneys for Defendant
GODADDY.COM, LLC and GO DADDY OPERATING COMPANY, LLC

---

[6] Again, GoDaddy is not alleged to have acted wrongfully under the UTOS and DNRA in doing so—rather, the Complaint acknowledges that GoDaddy acted "due to Chu Chu's alleged violation of [GoDaddy's] polic[ies]." Doc. 1 ¶ 17.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tim Wang
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
(972) 331-4600
twang@nilawfirm.com

Counsel for Plaintiff

SIGNED AND DATED this 19th day of December, 2022 at Philadelphia, Pennsylvania.

COZEN O'CONNOR

By:  *s/ Haryle Kaldis*
Haryle Kaldis