WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yuming Hao,<br><br>        Plaintiff,<br><br>v.<br><br>GoDaddy.com LLC, et al.,<br><br>        Defendants. | No. CV-22-01709-PHX-DLR<br><br>**ORDER** |

Before the Court is a motion to dismiss Plaintiff Yuming Hao's complaint filed on behalf of Defendants GoDaddy.com, LLC and Go Daddy Operating Company, LLC (collectively, "GoDaddy") (Docs. 15, 16), which is fully briefed (Docs. 20, 22). For reasons that follow, the Court grants the motion.[1]

**I.**    **Background**[2]

This case stems from Hao's purchase of the internet domain 968.com from non-party Chu Chu. The pertinent events unfolded over a matter of days. On July 1, 2022, the domain sale closed, and Chu Chu began the transfer process with GoDaddy, which provides domain name registration services. On July 2, GoDaddy locked Chu Chu's

---

[1] GoDaddy also asks the Court to take judicial notice of several documents. (Doc. 17.) This request is denied because none of the documents materially affect the Court's analysis.

[2] The following background is derived from Hao's complaint (Doc. 1) and presumed true for purposes of this order. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

account for allegedly violating GoDaddy's policies. On July 3, Hao attempted to receive the domain name, but was unable to complete the transfer process because Chu Chu's account has been locked. On July 5, Chu Chu informed GoDaddy that he sold the domain name to Hao. And on July 6, GoDaddy removed the domain name from Chu Chu's account. To date, GoDaddy has not allowed the domain to transfer to Hao.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must dismiss claims that are not based on a cognizable legal theory or that are not pled with enough factual detail to state a plausible entitlement to relief under an otherwise cognizable legal theory. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint's sufficiency, the Court accepts the well-pled factual allegations as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III. Analysis

### A. Conversion

Hao alleges GoDaddy is liable for conversion because it is wrongfully exercising dominion and control over the domain after Hao purchased it from Chu Chu. Arizona follows the conversion definition in the Restatement (Second) of Torts § 222A(1): "conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Miller v. Hehlen*, 104 P.3d 193, 203 (Ariz. Ct. App. 2005). "In order to bring an action for conversion, the object of conversion must be tangible personal property or intangible property that is merged in, or identified with, some document, such as a stock certificate or an insurance policy." *AdVnt Biotechnologies, LLC v. Bohannon*, No. CV-06-2788-PHX-DGC, 2007 WL 1875670, at *2 (D. Ariz. June 28, 2007).

The parties have not cited, nor has the Court found, any Arizona case addressing whether internet domain names are tangible property for purposes of a conversion claim. Other jurisdictions that follow the Restatement have considered the question and concluded that internet domain names are neither tangible property nor within the scope of the Restatement's strict merger requirement for otherwise intangible property. *See, e.g.*, *Chiusa v. Stubenrauch*, No. 3:21-cv-00545, 2022 WL 2793579, at *14 (M.D. Tenn. July 15, 2022) (dismissing a conversion claim in part because a domain name "is, quite literally, not tangible"); *Xereas v. Heiss*, 933 F.Supp.2d 1, 6 (D.D.C. 2013) (finding domain names are neither tangible property nor sufficiently merged with a document for purposes of a conversion claim); *Farmology.Com, Inc. v. Perot Sys. Corp*, 158 F.Supp.2d 589, 591 (E.D. Pa. 2001) (same). Because Arizona, like these other jurisdictions, follows the Restatement, the Court predicts that Arizona courts would likewise find that a domain name is intangible property that cannot be the object of a conversion claim.

In arguing otherwise, Hao relies on *Kremen v. Cohen*, in which the Ninth Circuit applied California law and determined that an internet domain name was a form of intangible property that could serve as the object of a conversion claim. 337 F.3d 1024, 1033 (9th Cir. 2003). But, as the Ninth Circuit noted, "California does not follow the Restatement's strict requirement that some document must actually represent the owner's intangible property right." *Id.* Kremen therefore is inapposite because Arizona, unlike California, follows the Restatement's strict merger requirement. *See AdVnt*, 2007 WL 1875670, at *3 ("Because Arizona does follow the Restatement, *Kremen* is inapposite."); *see also Xereas*, 933 F.Supp.2d at 7 (rejecting reliance on *Kremen* because Maryland, unlike California, follows the Restatement).

The Court therefore dismisses Hao's conversion claim because a domain name is intangible property and Hao does not allege that his property interest in the domain name was merged in any tangible document over which GoDaddy is wrongfully exercising dominion or control.

**B. Intentional Interference with Contractual Relations**

Hao alleges GoDaddy intentionally interfered with his and Chu Chu's contract. To adequately plead an intentional interference with contractual relations claim, a plaintiff must allege the "(1) existence of a valid contractual relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relationship has been disrupted, and (5) that the defendant acted improperly." *Safeway Ins. Co., Inc. v. Guerrero*, 106 P.3d 1020, 1025 (Ariz. 2005) (quotation and citation omitted).

Hao's complaint does not adequately allege the second and third elements because, based on the timeline Hao has alleged, it is implausible that GoDaddy knew of the contractual relationship between Hao and Chu Chu at the time it exercised control or dominion over the domain name, or that GoDaddy acted with the intent to induce a breach of that contract. According to the complaint, GoDaddy locked Chu Chu out of his account for allegedly violating GoDaddy's policies on July 2, 2022, but Chu Chu did not inform GoDaddy that he sold the domain name to Hao until July 5. It is implausible that GoDaddy acted with the intent to induce the breach of a contract it did not know existed. This claim is dismissed.

### C. Declaratory Judgment

Finally, Hao's complaint includes a count seeking a declaratory judgment that he owns the domain name.

> It is well settled that the Declaratory Judgment Act is only procedural. As such, the Declaratory Judgment Act leaves substantive rights unchanged. A party cannot obtain any declaration of rights that do not exist under substantive law; it must rely on valid legal predicate. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right of such relief. Where a court has dismissed the plaintiff's substantive claims, the request for declaratory relief based on the same claims must likewise be dismissed.

*Evans v. Scribe One Limited LLC*, No. CV-19-04339-PHX-DLR, 2022 WL 1469787, at *2 (D. Ariz. May 10, 2022) (quoting 4 Bus. & Com. Litig. Fed. Cts. § 39:14, Applicability of substantive legal and procedural rules (5th ed.)). Here, because the Court has dismissed

Hao's two substantive claims (conversion and intentional interference with contractual relations), his request for declaratory relief must likewise be dismissed.

**D. Leave to Amend**

Ordinarily, courts should not dismiss claims without allowing leave to amend. *Knevelbaard Diaries v. Kraft Foods, Inc.*, 232 F.3d 979, 997 (9th Cir. 2000). Here, however, Hao has not asked for leave to amend, complied with the Court's procedure for doing so (*see* Doc. 7), or identified in his response brief any additional factual allegations he could make. The Court therefore will dismiss Hao's complaint without affording leave to amend.

**IT IS ORDERED** that GoDaddy's motion to dismiss (Doc. 15) is **GRANTED**. Hao's complaint is dismissed and the Clerk of the Court is directed to terminate this case. GoDaddy's request for judicial notice (Doc. 17) is **DENIED** as moot.

Dated this 25th day of April, 2023.

Douglas L. Rayes
United States District Judge

- 5 -